Kevin M. Madden (Tex. Bar No. 24041376)
**KANE RUSSELL COLEMAN & LOGAN PC**
919 Milam Ste. 2200
Houston, Texas 77002
(713) 425-7452
(713) 425-7700

**ATTORNEYS FOR JOSEPH M. HILL,
TRUSTEE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 09-35740-H5-7 |
| | § | |
| PARROT ICE DRINK PRODUCTS OF AMERICA, LTD., | § § § | (Chapter 7) |
| | § | |
| Debtor. | § | |
| | § | |
| JOSEPH M. HILL, CHAPTER 7 TRUSTEE, | § | Adversary Case No. 10-03313 |
| | § § | |
| Plaintiff, | § | |
| vs. | § § | |
| HOLIDAY TRAVEL MART, INC. | § § § | |
| Defendant. | § | |

**CHAPTER 7 TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY**

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT, ON OR BEFORE DECEMBER 24, 2010, WHICH IS TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.

ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE

**UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Joseph M. Hill, Chapter 7 Trustee of Parrot Ice Drink Products of America, Ltd. ("Debtor"), files this *Motion to Compromise Controversy* ("Motion") regarding Holiday Travel Mart, Inc. (the "Defendant"), pursuant to Bankruptcy Rule 9019, and in support of the Motion states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

### PROCEDURAL BACKGROUND

2. This case was commenced by the filing of a voluntary petition under chapter 11 of the Bankruptcy by the Debtor on August 4, 2009. Pursuant to an Order entered on February 16, 2010, Joseph M. Hill was appointed the chapter 11 Trustee of the case. Upon motion of the Trustee, this case was converted to chapter 7 on March 11, 2010. The Debtor's assets include an accounts receivable allegedly owed by the Defendant. Demand has been made upon the Defendant to pay the accounts receivable. An adverse action was filed against the Defendant on July 19, 2010.

### RELIEF REQUESTED AND TERMS OF SETTLEMENT

3. The Trustee and the Defendant desire that the Court enter an order resolving the disputes between the Trustee and the Defendant pursuant to the Release and Settlement Agreement attached as **Exhibit "A."** The principal terms of the proposed settlement are set forth below.

1116295v1 (71685.00041.000)

4.  **Payments**. The Defendant agrees to pay to the Trustee on behalf of the Debtor the amount of $2,000.00.

5.  **Release of Claims.** The Trustee and the Defendant agree to mutual releases that fully and finally resolve any and all disputes between the Debtor and the Defendant.

## ARGUMENT AND AUTHORITIES

6.  The Court has the discretionary authority to approve a compromise of a controversy pursuant to Bankruptcy Rule 9019(a). *See Protective Comm. of Stockholders of TMT Trailer Ferry, Inc. v. Anderson (In re TMT Trailer Ferry, Inc.)*, 390 U.S. 414, 424 (1968), on remand, *TMT Trailer Ferry, Inc. v. Kirkland*, 471 F.2d 10 (5th Cir. 1972); *Continental Airlines, Inc. v. Air Line Pilots' Ass'n, Int'l (In re Continental Airlines, Inc.)*, 907 F.2d 1500, 1508 (5th Cir. 1990); and *In re Heritage Organization, L.L.C.*, 375 B.R. 230, 259 (Bankr. N.D. Tex. 2007).

7.  A trustee or debtor may compromise claims in the administration of the estate with the approval of the court, after notice and hearing. *See* Fed. R. Bankr. P. 9019(a). Whether to approve a compromise is a matter within the sound discretion of the bankruptcy court. *See United States v. AWECO, Inc. (In re AWECO, Inc.)*, 725 F.2d 293 (5th Cir. 1984). Approval should be given "if the settlement is fair and equitable and in the best interest of the estate." *In re Cajun Electric Power Coop., Inc.*, 119 F. 3d 349, 355 (5th Cir. 1997).

8.  Courts typically consider the following factors in determining whether to approve a proposed settlement:

    a.  The probability of success in the litigation, with due consideration for the uncertainty in fact and law;

    b.  The complexity and likely duration of the litigation, and any attendant expense, inconvenience and delay; and

    c.    All other factors bearing on the wisdom of compromise.

*Id.* at 355-56.

    9.    In addition, under the third, catch-all provision, the Fifth Circuit noted in *Cajun Electric* that there are two additional factors that bear on the decision to approve a proposed settlement. *Id.* at 356. First, the court should consider the best interest of the creditors, with proper deference to their reasonable views. *Id.* Second, the court should consider the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion. *Id.* at 356. *See also In re Heritage Organization, L.L.C.*, 375 B.R. at 260 (citing *Cajun Electric* factors). This standard balances the risks and benefits associated with pursuing a potential claim, against the costs associated with the proposed settlement.

    10.    For the reasons set forth below, the proposed settlement satisfies the foregoing standard for approval of a settlement.

**Probability of Success in Litigation**

    11.    If the Trustee and the Defendant continue to engage in litigation, such litigation would be vigorously contested, costly to the estate, and time-consuming. Further, the Trustee's probability of success in such litigation is uncertain.

**Complexity and Duration of Litigation, as well as Expense, Inconvenience and Delay**

    12.    Continued litigation of the issues of the accounts receivable will potentially be complex, and would involve issues of both state property law and federal bankruptcy law. Litigation might also be expensive and prolonged due to (i) the need to depose out-of-town witnesses, and (ii) the Defendant' likely assertion of fact-intensive defenses regarding the operation of the machines leased to the Defendant by the Debtor and other actions of the Debtor.

**Other Factors Bearing on the Wisdom of the Compromise**

13.  The settlement will best serve the interest of the Debtor's creditors. By this settlement, the Trustee will recover at least $1,000.00 for the estate after the deduction of fees and expenses. The Settlement was developed through arms-length bargaining between the Trustee and the Defendant, and not through fraud or collusion.

## PRAYER

WHEREFORE, for the reasons set forth above, the Trustee requests that the Court:

a.  grant the Motion;

b.  enter an Order approving the terms of the settlement as set forth in the proposed Release and Settlement Agreement attached to this Motion as Exhibit "A;" and

c.  grant the Trustee such other and further relief as this Court deems just and proper.

Dated: December 3, 2010.

> Respectfully submitted,
>
> KANE RUSSELL COLEMAN & LOGAN PC
>
> By:  /s/ Kevin M. Madden
> Kevin M. Madden
> State Bar No. 24041376
>
> 919 Milam Street, Suite 2200
> Houston, Texas 77002
> Telephone: (713) 425-7400
> Telecopier: (214) 425-7700
> E-mail: kmadden@krcl.com
>
> **ATTORNEYS FOR JOSEPH M. HILL, CHAPTER 7 TRUSTEE**

1116295v1 (71685.00041.000)

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Chapter 7 Trustee's Motion to Compromise Controversy was served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, Houston, Texas, on this 3rd day of December, 2010.

/s/ Kevin M. Madden
Kevin M. Madden